## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC M. GORE,<br><br>       *Defendant*. | Civil Action No.:<br>3:10-cr-00250-PGS-1<br><br>**MEMORANDUM AND ORDER** |

   This matter comes before the Court on Defendant Eric M. Gore's ("Defendant") second motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 48.)

   Rather than reciting all of the facts, the Court incorporates all of the facts from its prior Memorandum and Order herein.  (ECF No. 47).  In addition, there are several other facts that have occurred since my prior decision that are relevant here. They are:

   \*  Gore has been transferred from FCI Loretto to FCI Allenwood Medium.

   \*  Gore is to commence the Residential Drug Abuse Program (RDAP) in March, 2021.

   \*  The mother of Gore's three children is Alicia Davis.  Ms. Davis died in July 2020. The three children are J.G. (age 13), ZiaSia (age 18) and Er'Quasha (age 21).  Er'Quasha is the mother of a five-month-old baby. The father of the baby was shot and killed.

   \*  Prior to Alicia Davis's death, Linda Brown, Ms. Davis' mother, helped raise the children; but now she has health conditions associated with COVID-19, and tendinitis which prevents her from working and driving.

   \*  Gore contracted COVID-19 in the latter part of last year. The BOP alleges that

1

Gore was asymptomatic; but Gore contradicts same as he experienced some symptoms.  Today, Gore is relatively healthy.

\*   Gore submitted a letter request for compassionate release to the warden of FCI Allenwood Medium dated October 29, 2020. The request was denied. On December 21, 2020, Gore filed this motion for compassionate release through counsel. The Government does not dispute that Gore exhausted his administrative remedies. (Gov't Br. 7.)

II.

Ordinarily, a Court may reduce a sentence if the modification is justified by extraordinarily and compelling reasons, and is consistent with the applicable policy statements issued by the Sentencing Commission[1].  The Sentencing Guidelines explicitly list the "death or incapacitation of the caregiver of the defendant's minor child or minor children" as a reason for finding extraordinary and compelling circumstances. USSG § 1B1.13 cmt. n.1(C)(i). In addition, the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" is a family circumstance that may warrant compassionate release.  USSG § 1B1.13 cmt. n.1(C)(ii). Courts have extended section (C)(ii) to include sick parents. *E.g., United States v. Bucci*, 409 F. Supp. 3d 1, 3 (D. Mass. 2019); *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020).

Here, I am most concerned about the care of J.G. as well as her older sisters.  The loss of the mother is a tragic event.  There is a need to provide consolation, direction, and hopefully, financial support to the children.  Here, Mr. Gore's presence may assist in those needs. As such, it is an extraordinary and compelling reason to modify.

---

[1] Gore also argues that he is obese, and that this co-morbidity issue should be grounds for modification. Although the prevalence of COVID-19 in our communities and in the corrections facilities may be compelling under certain circumstances, it is not persuasive here.

I have assessed this modification against the § 3553(a) factors. Here, Gore has been incarcerated over 142 moths (nearly 12 years), and he has served a substantial portion of his sentence which satisfies the goals of both general and specific deterrence. In addition, the period of incarceration also takes into account the additional time served due to his prior criminal record.

As such, Gore's sentence is modified to time served, subject to additional revisions to his conditions of supervised release. His term of supervised release shall increase from five years to approximately seven years, and Gore is subject to drug and alcohol testing in accordance with the term provided by the Probation Department.

## ORDER

**THIS MATTER** having come before the Court on Defendant Eric M. Gore's Motion for Compassionate Release, (ECF No. 48); and the Court having carefully reviewed the submissions of the parties, and their oral argument; and for good cause having been shown;

**IT IS** on this 8th day of February, 2021,

**ORDERED** that Defendant's motion for compassionate release, (ECF No. 48), is granted; and it is further;

**ORDERED** that the sentence is modified to time served; and it is further**;**

**ORDERED** that under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of supervised release of 23 months with the additional condition of location monitoring during the "special term" only and with exceptions approved by the U.S. Probation Office; the location monitoring technology is at the discretion of the U.S. Probation Office; and it is further

**ORDERED** that the conditions of supervised release also now include drug and alcohol treatment and testing in a program approved by the U.S. Probation Office; and it is further

**ORDERED** that the Defendant's remaining previously imposed conditions of supervised release are unchanged; and the special term is an additional condition; and it is further

**ORDERED** that there being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and implement any COVID-19 precautions to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.